Earl H. Pelletier, - Respondent, *v.* Fifth Avenue Coach Company, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1918.)

Trial — attorneys — witness — evidence — new trial — judgments — actions.

> Where upon the trial of an action plaintiff's counsel insisted upon calling defendant's counsel to the witness stand and asking him many questions, that were allowed, designed to elicit information concerning the case possessed by the witness solely through the relationship of attorney and client, a judgment in favor of plaintiff will be reversed and a new trial ordered, the same to be conducted with a proper regard for the ethics of the legal profession.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of plaintiff, for $473.70, entered on the verdict of a jury.

James L. Quackenbush (W. H. Wood, of counsel), for appellant.

Slade & Slade, for respondent.

MULLAN, J.   In this negligence action, tried before a jury, there was much unseemly wrangling between the counsel.   They were both at fault, although the defendant's counsel was much the less so, and, furthermore, he was undoubtedly goaded into a loss of temper by the methods employed by his opponent, which were irritating, to put it mildly.   But if that were the only vice of the record we should probably be disposed to assume that the jury got nothing more out of the broil than a disgust for lawyers who forget, or never knew, the respect they owe to the court, and the decorum with which advocacy should be conducted by gentlemen of the bar.   The plaintiff's counsel, however, insisted upon calling the defendant's counsel to the stand, and asking him many questions, that were allowed, designed to elicit information concerning the case possessed by the defendant's counsel solely through the relationship of attorney and client.   It is true that privilege was claimed only very tardily and incompletely by the defendant's counsel, but we are not astute to discover technically good exceptions in the circumstances.   The very purpose for which he was called made the calling of the defendant's counsel an impropriety, and we are sending the case back so that it may be tried correctly, and with proper regard for the ethics of the legal profession.

Judgment reversed, new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and WEEKS, JJ., concur.

Judgment reversed, new trial ordered, with costs to appellant to abide event.